IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON REILLY, | No. C 06-04332 SI |
| Plaintiff, | **ORDER GRANTING THE MCCLATCHY COMPANY'S MOTION TO INTERVENE** |
| v. | |
| MEDIANEWS GROUP, INC, et al., | |
| Defendants. | |

Now before the Court is The McClatchy Company's ("McClatchy") unopposed motion to intervene as a defendant in this matter. Pursuant to Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument. Having considered the papers submitted, and for good cause appearing, the Court hereby GRANTS McClatchy's motion.

**BACKGROUND**

On July 14, 2006, plaintiff Clinton Reilly filed this action, seeking to block a series of imminent business transactions on the ground that they would violate the antitrust laws of the United States. At the heart of Reilly's complaint are four newspapers currently owned by proposed intervenor McClatchy: The Contra Costa Times, The San Jose Mercury News, The Monterey County Herald, and The St. Paul Pioneer Press. McClatchy intends to sell these newspapers to defendants The Hearst Corporation ("Hearst") and MediaNews Group, Inc. ("MediaNews"). Reilly claims that the sale of the newspapers, along with a series of subsequent transactions between the purchasers, will result in a newspaper monopoly in the greater San Francisco Bay Area. Reilly currently has an application for a temporary restraining order pending before this Court, which will be heard July 27, 2006.

McClatchy, which is not named as a defendant in Reilly's action, now moves to intervene as a defendant for the limited purpose of defending the transactions to which it is a party. None of the parties to this lawsuit has objected to McClatchy's motion. Because the Court finds that McClatchy meets the standard for intervention-of-right under Federal Rule of Civil Procedure 24(a)(2), it GRANTS McClatchy's motion.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 24(a)(2), an applicant for intervention of right must demonstrate that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interests; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir.2004) (internal quotation marks omitted). Rule 24(a) is generally construed liberally in favor of potential intervenors. *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). Indeed, "the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1496 (9th Cir. 1995).

### DISCUSSION

McClatchy's unopposed motion adequately establishes that it satisfies the four requirements for intervention of right. First, as the seller of the four newspapers at issue, and as a party to the transaction that Reilly seeks to enjoin, there can be no doubt that McClatchy has a "significant protectable interest in the property or transaction that is the subject of the action." *See Southwest Ctr.*, 268 F.3d at 820 ("Contract rights are traditionally protectable interests."). Further, Reilly's action will undoubtedly impair McClatchy's contractual rights if it is successful in enjoining the transactions at issue. As to the third factor, McClatchy's motion was unquestionably timely; McClatchy filed its motion a mere ten days after Reilly filed his complaint.

The fourth factor, lack of adequate representation, requires only a "minimal" showing. *See*

*Southwest Ctr.*, 268 F.3d at 823 ("[T]he burden of showing inadequacy is 'minimal,' and the applicant need only show that representation of its interests by existing parties 'may be' inadequate."). Here, while defendants have an interest in defending the sales transactions, their interest does not extend to protecting McClatchy's contractual rights. Further, McClatchy's interest in this lawsuit is narrower than the interests of the other defendants; Reilly not only seeks to enjoin the newspaper sales, but also seeks to prevent Hearst from later investing in MediaNews. Thus, because defendants' interests are not identical to McClatchy's, the Court finds that McClatchy has satisfied the final intervention requirement. *Cf. Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) ("When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy arises.").

McClatchy meets all four requirements for intervention under Federal Rule of Civil Procedure 24(a)(2). Accordingly, its motion to intervene is GRANTED.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS McClatchy's motion to intervene (Docket No. 9).

**IT IS SO ORDERED.**

Dated: July 26, 2006

SUSAN ILLSTON
United States District Judge

3