UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CLINTON REILLY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MEDIANEWS GROUP, INC.; THE HEARST CORPORATION; STEPHENS GROUP INC.; GANNETT CO., INC.; and CALIFORNIA NEWSPAPERS PARTNERSHIP,<br><br>　　　　　Defendants. | Case No. 06-CV-04332-SI<br><br>[Complaint Filed: July 14, 2006]<br><br>STIPULATION AND PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION<br><br>Judge:　Hon. Susan Illston<br><br>Trial Date: February 26, 2007 |

1  WHEREAS, defendants MediaNews Group, Inc., The Hearst Corporation, Stephens Group Inc., Gannett Co., Inc. and California Newspapers Partnership, and plaintiff Clinton Reilly, have information and material that is proprietary, confidential, and not in the public domain, the unrestricted disclosure of which may cause undue damage to the parties and their businesses; and

WHEREAS, information and material that the parties to this Protective Order may seek in discovery may be of such confidential nature; and

WHEREAS, the parties to this action have agreed to protect the confidentiality of such information and materials upon the following terms and conditions;

NOW, THEREFORE, it is hereby stipulated and agreed as follows:

1. Materials that contain or comprise non-public information may be designated as "Confidential" in the manner described below, so long as those materials concern trade secrets, information subject to a legally protected right of privacy, information that would reveal confidential research, strategy, business development, commercial or proprietary information, or information otherwise privileged or protected under state or federal law. This includes, without limitation: (a) documents, exhibits, deposition transcripts and written, recorded or electronic materials containing such confidential matters; (b) any copies, notes, or summaries of such information; and (c) the information itself. The material referred to above shall be referred to herein as "Confidential Materials."

2. Any party or non-party may designate as Confidential Materials any information or materials it furnishes, whether voluntarily or pursuant to subpoena, request for production or court order, to any party in connection with this litigation. Such designation shall constitute a representation to the Court that such party or its counsel believe that the Confidential Materials so provided are Confidential within the meaning of this Order. If any party objects to the designation of information or materials as Confidential Materials and the parties are not able to resolve any such objection, and a

-1-

motion is brought before the Court to resolve the dispute, such Confidential Materials shall remain subject to the terms of this Order until the Court rules that such Confidential Materials were not properly designated as Confidential under this Order.

3. Information and materials shall not be considered Confidential Materials to the extent they:

(a) are in the public domain at the time of disclosure;

(b) become part of the public domain at any time after disclosure through no fault of the receiving party;

(c) consist of information that the receiving party can show it obtained or developed (i) lawfully, (ii) independently, and (iii) without any obligation or duty or confidentiality to the party or non-party claiming its confidential nature.

4. A party or non-party may designate documents or other tangible materials as Confidential Materials by stamping or otherwise affixing a legend substantially as follows: "Confidential – Subject to Protective Order" on the Confidential Materials at or before production, or by written notice to all parties specifying the Bates numbers of the documents subject to such designation. Such designation need not be made until the materials have been inspected by counsel for the receiving party and copies requested by such counsel. In addition, documents previously stamped "Confidential" and submitted to the Department of Justice shall be deemed designated as Confidential Materials when produced in this action.

5. If a producing party inadvertently fails to designate materials as Confidential at the time they are produced, it may subsequently designate them Confidential by notifying all other parties and either furnishing replacement copies bearing the legend specified in paragraph 4 or requesting the other parties to mark their copies of the newly designated materials accordingly. Materials designated Confidential in this manner shall thereafter be treated as Confidential Materials subject to the terms of this Order.

6. For deposition testimony, counsel may invoke the provisions of this Order by stating on the record during the deposition that testimony given at the deposition, or a

-2-

position thereof, is Confidential. Deposition testimony may also be designated confidential by giving written notice to all other parties within fourteen days after receiving the transcript from the reporter. The notice shall specify the pages or portions thereof designated Confidential. All parties shall affix the legend required by paragraph 4 on each page of the transcript designated Confidential at the deposition or by subsequent written notice. Deposition transcripts shall be treated in their entirety as Confidential Materials for the first fourteen days after receipt.

7. All Confidential Materials shall be used by the parties and their counsel solely for the purpose of the prosecution or defense of this litigation, including preparing for and conducting pre-trial proceedings and the trial in this action. Such Confidential Materials shall not be disclosed to anyone except as provided herein and the contents thereof shall not be used for any other purpose, or used in any other litigation or proceeding.

8. Confidential Materials, or copies or extracts therefrom and the information therein, may be given, shown, made available to, or communicated to only the following persons:

(a) the Court and all persons assisting the Court in this action;

(b) court reporters and videographers who record depositions or other testimony in this action;

(c) officers, directors and employees, including in-house counsel of a party, who are directly involved in or whose consultation with counsel is necessary for the preparation, trial or appeal of this action;

(d) outside counsel for the parties, which shall mean the attorneys of the outside firms representing any party and their necessary paralegal, secretarial or clerical personnel who assist them;

(e) third-party consultants and independent experts, and their staffs, to whom it is necessary that the Confidential Materials be shown for the purpose of assisting

-3-

counsel in this litigation or preparing for trial testimony, provided that such persons first execute Exhibit A to this Order;

      (f)    deposition witnesses, provided that, as to non-party deponents, they first execute Exhibit A to this Order;

      (g)    any other person upon the written authorization of the party or non-party who designated the information or materials as "Confidential" (which authorization may be recorded in a deposition or other transcript), or pursuant to court order.

9.    A party or non-party may further restrict the use and disclosure of highly sensitive Confidential Materials of current significance by additionally designating them as "Counsel Only." This designation shall be made in the same manner as materials are designated Confidential by the addition of the words "Counsel Only" to the legend appearing on the face of documents, transcripts, and other tangible materials or by written notice to all parties specifying the Bates numbers of the documents subject to Counsel Only restrictions. Confidential Materials designated as Counsel Only may be disclosed to in-house counsel but not to any other officers, directors, or employees of a non-producing party. They may be disclosed to all other persons named in paragraph 8, consistent with Local Rule 79-5 and the terms of this Order.

10.    All filings containing Confidential Materials shall comply with the Court's Standing Order concerning sealed documents.

11.    Nothing herein contained shall prevent any of the parties from using Confidential Materials in connection with any trial or hearing in this matter; provided, however, that any party intending to use Confidential Materials at trial or a hearing must notify the other parties of the intended use by the deadline for exchanging trial exhibits or, in the case of a hearing, at least two weeks before the hearing date. The notice shall identify the Confidential Materials with enough specificity to allow any affected party to apply to the Court for a protective order governing the use of the Confidential Materials at the trial or hearing. The use of Confidential Materials at trial or a hearing shall be governed by such order as the Court may make at the time. Confidential Materials that are

-4-

-5-

not received into evidence at trial or a hearing shall retain their Confidential status under this Protective Order.

12. Nothing in this Order shall prevent the party designating materials as Confidential from using or disclosing those Confidential Materials in a manner inconsistent with this Order.

13. The provisions of this Order may be modified at any time by stipulation of the parties approved by order of the Court. In addition, a party may at any time apply to the Court for modification of this Order.

14. Upon the termination of this litigation, the originals and all copies, whether exact copies or compilations, digests or non-exact copies in any form, of Confidential Materials shall be returned to the party or non-party who produced such Confidential Materials, or may be disposed of in some other manner that is mutually agreeable among the parties. Notwithstanding this, however, counsel of record may retain their file copies of all court filings, trial transcripts and exhibits admitted into evidence.

15. The termination of proceedings in this action shall not thereafter relieve the parties from the duties arising under this Order, and the Court shall retain jurisdiction to enforce this Order.

IT IS SO STIPULATED AND AGREED:

Dated: September ___, 2006

    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
      Including Professional Corporations
    GARY L. HALLING, Cal. Bar No. 66087
    MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
    Four Embarcadero Center, 17th Floor
    San Francisco, California 94111-4106
    Telephone:   415-434-9100
    Facsimile:    415-434-3947
    Email:   ghalling@sheppardmullin.com
    Email:   mscarborough@sheppardmullin.com

    KING & BALLOW
    ALAN L. MARX (admitted *pro hac vice*)
    STEVEN C. DOUSE (admitted *pro hac vice*)
    1100 Union Street Plaza
    315 Union Street
    Nashville, Tennessee 37201
    Telephone:   615-259-3456
    Facsimile:    615-726-5413
    Email:   amarx@kingballow.com
    Email:   sdouse@kingballow.com


By    /S/
    GARY L. HALLING

    Attorneys for Defendants
    MEDIANEWS GROUP, INC. and
    CALIFORNIA NEWSPAPERS PARTNERSHIP

Dated: September __//__, 2006

                LATHAM & WATKINS LLP
                GREGORY P. LINDSTROM
                DANIEL M. WALL
                505 Montgomery Street, Suite 2000
                San Francisco, CA 94111-2562
                Telephone: (415) 391-0600
                Facsimile: (415) 391-8095
                Email: gregory.lindstrom@lw.com
                Email: dan.wall@lw.com

By       /s/ Daniel M. Wall
                      DANIEL M. WALL

                    Attorneys for Defendant
                    THE HEARST CORPORATION

Dated: September ___, 2006

                NIXON PEABODY LLP
                GORDON L. LANG (admitted *pro hac vice*)
                401 9th Street, N.W.
                Washington, D.C. 20004-2128
                Telephone: (202) 585-8319
                Facsimile: (202) 585-8080
                Email: glang@nixonpeabody.com

                NIXON PEABODY LLP
                JOHN J. RIDDLE
                Two Embarcadero Center, Suite 2700
                San Francisco, CA 94111-3996
                Telephone: (415) 984-8200
                Facsimile: (415) 984-8300
                Email: jriddle@nixonpeabody.com

By       _____
                      GORDON L. LANG

                    Attorneys for Defendants
                    GANNETT CO., INC. and
                    STEPHENS GROUP, INC.

Dated: September ___, 2006

        LATHAM & WATKINS LLP
        GREGORY P. LINDSTROM
        DANIEL M. WALL
        505 Montgomery Street, Suite 2000
        San Francisco, CA 94111-2562
        Telephone: (415) 391-0600
        Facsimile: (415) 391-8095
        Email: gregory.lindstrom@lw.com
        Email: dan.wall@lw.com

By _____
              DANIEL M. WALL

        Attorneys for Defendant
        THE HEARST CORPORATION

Dated: September 11, 2006

        NIXON PEABODY LLP
        GORDON L. LANG (admitted *pro hac vice*)
        401 9th Street, N.W.
        Washington, D.C. 20004-2128
        Telephone: (202) 585-8319
        Facsimile: (202) 585-8080
        Email: glang@nixonpeabody.com

        NIXON PEABODY LLP
        JOHN J. RIDDLE
        Two Embarcadero Center, Suite 2700
        San Francisco, CA 94111-3996
        Telephone: (415) 984-8200
        Facsimile: (415) 984-8300
        Email: jriddle@nixonpeabody.com

By /s/ Gordon L. Lang
              GORDON L. LANG

        Attorneys for Defendants
        GANNETT CO., INC. and
        STEPHENS GROUP, INC.

-7-

| | |
|---|---|
| Dated: September 7, 2006 | ALIOTO LAW FIRM<br>JOSEPH M. ALIOTO<br>JOSEPH M. ALIOTO, JR.<br>THOMAS P. PIER<br>555 California Street, Suite 3160<br>San Francisco, CA 94104<br>Telephone: (415) 434-8900<br>Facsimile: (415) 434-9200<br><br>GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.<br>DANIEL R. SHULMAN (admitted *pro hac vice*)<br>500 IDS Center, 80 South Eighth Street<br>Minneapolis, MN 55402<br>Telephone: (612) 632-3335<br>Facsimile: (612) 632-4335 |

By /s/ 
JOSEPH M. ALIOTO
DANIEL R. SHULMAN

Attorneys for Plaintiff
CLINTON REILLY

ORDER

After due consideration of the proposed Stipulation and Order for Confidential Materials submitted by the parties and the issues raised thereby, and good cause appearing therefore,

IT IS SO ORDERED.

Dated: _____, 2006

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED AS MODIFIED — Judge Susan Illston]*

-8-

W02-WEST:FMI\400072472.2
U.S.D.C. CASE NO. C06-CV-04332-SI

STIPULATION AND PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION

EXHIBIT "A"

I, _____, have read the attached Protective Order for Confidential Information, understand its contents, and agree to be bound by its terms. I understand that a violation of this undertaking could be punishable as a contempt of court.

I declare under penalty of perjury under the United States of America and the State of California that the foregoing is true and correct.

Dated: _____   Name: _____

Signature: _____