Gordon L. Lang (*pro hac vice*)
NIXON PEABODY LLP
401 9th Street, N.W.
Washington, D.C. 20004-2128
Telephone: (202) 585-8319
Facsimile: (202) 585-8080
E-mail: glang@nixonpeabody.com

John H. Riddle (State Bar Number: 51418)
Paul J. Byrne (State Bar Number: 190860)
NIXON PEABODY LLP
Two Embarcadero Center, Suite 2700
San Francisco, CA 94111
Telephone: (415) 984-8238
Facsimile: (415) 984-8300
E-mail: jriddle@nixonpeabody.com
       pbyrne@nixonpeabody.com

Attorneys for Defendants
GANNETT CO., INC. and
STEPHENS GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON REILLY,<br><br>                    Plaintiff,<br><br>vs.<br><br>MEDIANEWS GROUP, et al.,<br><br>                    Defendants. | Case No. C06-04332-SI<br><br>**[PROPOSED] ORDER RE SEALING INFORMATION ON BEHALF OF GANNETT CO., INC.**<br><br>**[N.D.L. Rule 79-5(d)]**<br><br>Judge: Hon. Susan Illston<br>Complaint Filed: July 14, 2006<br>Trial Date: April 30, 2007 |

Before the Court is Defendants' Motion for Summary Judgment Based on Plaintiff's Alleged Lack of Standing. In support of Plaintiff's Opposition to said motion, Plaintiff submitted, under seal, certain confidential information. Pursuant to Civil Local Rule 79-5(d), Daniel S. Ehrman, Vice President of Planning and Development for Defendant Gannett Co., Inc. ("Gannett"), submitted a declaration requesting that certain paragraphs, charts and pages of the documents containing the confidential information ("Subject Documents") remain under seal.

After due consideration of the declaration submitted on behalf of Gannett, and the compelling reasons for maintaining the Subject Documents under seal set forth therein, the Court HEREBY ORDERS as follows:

The Court finds that the Ehrman Declaration sets forth compelling reasons to maintain the Subject Documents under seal for a number of reasons. The Court finds that the Subject Documents contain information that was not prepared for, or intended for public consumption. Rather, it is comprised of confidential financial information which was used to analyze and negotiate a proposed acquisition of newspapers for ownership by a privately held partnership, various internal financial projections incorporating non-public adjustments, and valuations based internal assessments of potential revenue growth. Also, the Subject Documents contain confidential internal Gannett acquisition processes, models and methodology which are unique to Gannett, and not revealed to the public.

The Court finds that disclosure of the Subject Documents to the general public could be harmful to Gannett and its investors in several ways. Competitors of Gannett could capitalize on the data contained in the Subject Documents in a manner that could jeopardize its position in future transactions with buyer and/or sellers who would know detailed information about the internal models, methodology, evaluations, analysis and benchmarks that Gannett uses to evaluate and value such transactions. The Court finds that Gannett has maintained this information as confidential, that it pertains to non-public financial data accumulated for and presented in a manner that illustrates acquisition processes, models, and methodology which are unique to Gannett. The Court finds that the Subject Documents could present Gannett's competitors with a competitive advantage by not only giving them access to confidential financial information, but also insight into the confidential "thought" processes of Gannett. Further, it is possible that public dissemination of the Subject Documents might mislead investors and necessitate additional filings with the Securities and Exchange Commission to correct any misapprehensions caused, for example, by reading the internal financial analysis out of context. Additionally, public disclosure of the data would likely harm Gannett's ability to effectively negotiate future transactions, because a party would be able to use

such information to closely estimate Gannett's assessment of the value of a transaction, thus, unfairly affecting the price at which a transaction could close.

IT IS THEREFORE ORDERED that the following documents shall be maintained permanently under seal:

a. Shulman Decl., Exhibit 14, at GCNP002079, the numbers in the 2005 column in the chart starting at the line for "Nashville" through to and including the line for "Rochester."

b. Shulman Decl., Exhibit 19, at GCNP005937, the entire second paragraph beginning with "In a pre call. . . ."

c. Shulman Decl., Exhibit 19, at GCNP005939, both charts and the entire last sentence of the paragraph second from the bottom beginning after the phrase "still on the table."

d. Shulman Decl., Exhibit 19, the entire chart on GCNP005941, the entire chart on GCNP005942, the entire chart on GCNP005944, and the entire chart on GCNP005945.

e. Shulman Decl., Exhibit 19, at GCNP005943, the shaded portion of the chart beginning after the line for "Subtotal OP Effect."

f. Shulman Decl., Exhibit 20, at GCNP003070, the third sentence in the fourth paragraph beginning after the phrase "cash flow positive" and ending at "This IRR. . . . ."

g. Shulman Decl., Exhibit 20, at GCNP003070, the entire first sentence of the fifth paragraph ending at "Exhibit F shows . . . . "

h. Shulman Decl., Exhibit 20, the entire chart on GCNP003074 and GCNP003075.

i. Shulman Decl., Exhibit 20, at GCNP003076, the shaded portion of the chart beginning after the line for "Subtotal OP Effect."

IT IS FURTHER ORDERED that Plaintiff file redacted copies of the Subject Documents as necessary to comply with this and any other ORDER of the Court pertaining to sealing

\\\
\\\
\\\
\\\

of documents related to those materials submitted under seal by Plaintiff in support of its Opposition to Defendants' Motion for Summary Judgment Based on Plaintiff's Alleged Lack of Standing.

Dated: _____  _____
Honorable Susan Illston
United States District Court Judge

# CERTIFICATE OF SERVICE

I, the undersigned, certify that I am employed in the City and County of San Francisco, CA; that I am over the age of 18 years and not a party to the within action; and that my business address is Two Embarcadero Ctr., Suite 2700, S.F., CA 94111-3996. On this date I served the following document(s):

**[PROPOSED] ORDER RE SEALING INFORMATION ON BEHALF OF GANNETT CO., INC.**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

___: By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

___: By Personal Service — I caused each such envelope to be given to a courier messenger for same day personal delivery to the office of the addressees listed below.

___: By Overnight Courier — I caused each such envelope to be given to an overnight mail service at S.F., California, to be hand delivered to the office of the addressee on the next business day.

___: By Facsimile — From facsimile number (415) 984-8300 at _____, I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.

_x_: By Electronic Service — I caused each such document to be transmitted electronically to the Court of record and e-filed in the ordinary course of business. The Court will electronically serve all parties with this e-filed document..

Addressee(s)

**See Attached Service List of Attorneys of Record**

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 6, 2007, at San Francisco, California.

_____
Carol C. Dowling

PROOF OF SERVICE
CASE NO.: C06-04332 SI

10142577.1

## SERVICE LIST

<u>Reilly v. MediaNews Group, Inc., et al.; USDC. No. C-06-04332-SI</u>

| | |
|---|---|
| Joseph M. Alioto, Esq.<br>Joseph Michaelangelo Alioto, Jr., Esq.<br>Alioto Law Firm<br>555 California Street, Suite 3160<br>San Francisco, CA 94104<br><br>Telephone: (415) 434-8900<br>Facsimile: (415) 434-9200<br>Email: jaliotojr@aliotolaw.com<br>        jmalioto@aliotolaw.com | **Via Electronic Mail from Court**<br><br>ATTORNEYS FOR PLAINTIFF<br>Clinton Reilly |
| Daniel R. Shulman, Esq.<br>Gayle Schaub, Paralegal<br>Gray, Plant, Mooty, Mooty & Bennett, P.A.<br>500 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br><br>Telephone: (612) 632-3000<br>Facsimile: (612) 632-4444<br>Email: daniel.shulman@gpmlaw.com<br>        gayle.schaub@gpmlaw.com | **Via Electronic Mail from Court**<br><br>ATTORNEYS FOR PLAINTIFF<br>Clinton Reilly |
| Gary L. Halling, Esq.<br>Michael W. Scarborough, Esq.<br>Sheppard, Mullin, Richter & Hampton LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, California 94111-4106<br><br>Telephone:   (415) 434-9100<br>Facsimile:    (415) 434-3947<br>Email:gHalling@smrh.com<br>        mScarborough@smrh.com | **Via Electronic Mail from Court**<br><br>ATTORNEYS FOR DEFENDANTS<br>MediaNews Group, Inc. and California<br>Newspapers Partnership |
| Daniel M. Wall, Esq.<br>Sadik Harry Huseny, Esq.<br>Latham & Watkins LLP<br>505 Montgomery Street, Suite 1900<br>San Francisco, CA 94111<br><br>Telephone: (415) 391-0600<br>Facsimile: (415) 395-8095<br>Email: dan.wall@lw.com<br>        sadik.huseny@lw.com | **Via Electronic Mail from Court**<br><br>ATTORNEYS FOR DEFENDANT<br>The Hearst Corporation |

| | | |
|---|---|---|
| 1 | Steven C. Douse, Esq. | **Via Electronic Mail from Court** |
| 2 | Alan L. Marx, Esq.<br>King & Ballow | ATTORNEYS FOR DEFENDANTS |
| 3 | Union Street Plaza 1100<br>315 Union Street | MediaNews Group, Inc. and California<br>Newspapers Partnership |
| 4 | Nashville, TN 37201 | |
| 5 | Telephone: (615) 259-3456<br>Facsimile: (615) 254-7907 | |
| 6 | Email: sdouse@kingballow.com<br>amarx@kingballow.coM | |
| 7 | | |
| 8 | Jonathan M. Jacobson, Esq.<br>Charles E. Biggio, Esq. | **Via Electronic Mail from Court** |
| 9 | Wilson Sonsini Goodrich & Rosati<br>Professional Corporation | ATTORNEYS FOR LIMITED INTERVENOR<br>The McClatchy Company |
| 10 | 12 East 49th Street, 30th Floor<br>New York, NY 10017-8203 | |
| 11 | Telephone: (212) 999-5800 | |
| 12 | Facsimile: (212) 999-5899<br>Email: jjacobson@wsgr.com | |
| 13 | cbiggio@wsgr.com | |
| 14 | | |
| 15 | Boris Feldman, Esq./Michael Berta, Esq. | **Via Electronic Mail from Court and U.S. Mail** |
| 16 | Cherie Johnston, Esq.<br>Wilson Sonsini Goodrich & Rosati | ATTORNEYS FOR LIMITED INTERVENOR |
| 17 | Professional Corporation<br>650 Page Mill Road | The McClatchy Company |
| 18 | Palo Alto, CA 94304-1050 | |
| 19 | Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100 | |
| 20 | Email: boris.feldman@wsgr.com<br>mberta@wsgr.com | |
| 21 | cjohnston@wsgr.com | |
| 22 | Thomas P. Pier, Esq.<br>Alioto Law Firm | **Per Mr. Pier's Request - Receives Electronic Mail from Court** |
| 23 | 555 California Street<br>Suite 3160 | **DO NOT SEND HARD COPY** |
| 24 | San Francisco, CA 94104 | |

PROOF OF SERVICE  
CASE NO.: C06-04332 SI

-3-