SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947
Email: ghalling@sheppardmullin.com
       mscarborough@sheppardmullin.com

KING & BALLOW
ALAN L. MARX (admitted *pro hac vice*)
STEVEN C. DOUSE (admitted *pro hac vice*)
1100 Union Street Plaza
315 Union Street
Nashville, Tennessee 37201
Telephone: 615-259-3456
Facsimile: 615-726-5413
Email: amarx@kingballow.com
      sdouse@kingballow.com

Attorneys for Defendants
MEDIANEWS GROUP, INC. and
CALIFORNIA NEWSPAPERS PARTNERSHIP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CLINTON REILLY,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDIANEWS GROUP, INC.; THE HEARST CORPORATION; STEPHENS GROUP INC.; GANNETT CO., INC.; and CALIFORNIA NEWSPAPERS PARTNERSHIP,<br><br>    Defendants. | Case No. 06-CV-04332-SI<br><br>[Complaint Filed: July 14, 2006]<br><br>[PROPOSED] ORDER RE SEALING OF MEDIANEWS AND CNP INFORMATION SUBMITTED WITH PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>Date: April 6, 2007<br>Time: 3:30 p.m.<br>Place: Courtroom 10, 19th Floor<br>Judge: Hon. Susan Illston<br><br>Trial Date: April 30, 2007 |

1  Pursuant to an administrative motion to seal by plaintiff Clinton Reilly and a
2  sealing order entered by the Court on March 27, 2007, certain documents submitted in
3  connection with Defendants' Motion for Summary Judgment Based on Plaintiff's Lack of
4  Standing have been filed under seal.  Pursuant to Civil Local Rule 79-5, MediaNews
5  Group, Inc. ("MediaNews") and California Newspapers Partnership ("CNP") submitted the
6  declaration of the President of MediaNews, Joseph Lodovic, IV, requesting that certain
7  discrete portions and pages of these previously sealed documents remain under seal.
8  After due consideration of the papers submitted, the arguments of counsel,
9  and good cause appearing therefor, the Court HEREBY ORDERS as follows:
10  The Court finds compelling reasons to maintain the documents and excerpts
11  of documents specifically addressed in the Lodovic Declaration (the "Subject Documents")
12  under seal.  The Court finds that the Subject Documents contain information that was
13  prepared not for public consumption but to analyze the proposed acquisition of the
14  McClatchy newspapers and to negotiate a single equity investment by Hearst.  These
15  documents contain detailed non-public financial information about MediaNews and/or
16  CNP, including valuations of certain company assets, projections for future earnings, pro
17  forma financial information, results of operations broken down by individual newspapers
18  and information about the company's current and future business plans.  MediaNews and
19  CNP do not publicly disclose information of this nature.
20  The Court finds that disclosure of the Subject Documents to the general
21  public could be harmful to MediaNews and its investors in several ways.  Competitors who
22  are not subject to the sort of confidentiality and limited use agreements in place between
23  MediaNews, The Hearst Corporation ("Hearst"), Gannett Co., Inc. ("Gannett") and
24  Stephens Group, Inc. ("Stephens"), could capitalize on such data to identify future business
25  plans and strengths and weaknesses in MediaNews operations, and adjust their own
26  business plans accordingly to better compete with MediaNews.  Further, disclosure of
27  valuation data could harm MediaNews in future sales negotiations, as it gives potential
28  buyers and sellers a virtual roadmap to the methods and formulas MediaNews employs to

-1-

1  value such properties.  Also, it is possible that public dissemination of the Subject
2  Documents might mislead investors and necessitate further filings with the Securities and
3  Exchange Commission to correct any misapprehensions.
4        The Court finds that the trade secret and privacy interests of MediaNews and
5  CNP in the Subject Documents far outweigh any public interest in accessing such
6  documents to evaluate the basis for any judicial action in this case, and such interests will
7  be prejudiced if this information is not maintained under seal.  Notwithstanding the general
8  preference for public access to court records, allowing these documents to remain under
9  seal will further important public policies.  The Court thus finds compelling reasons to
10 maintain the Subject Documents under seal.
11       IT IS THEREFORE ORDERED that the following documents shall
12 be maintained permanently under seal:
13     a.    Declaration of Daniel R. Shulman in Opposition to Defendants'
14 Motion for Summary Judgment Based on Plaintiff's Alleged Lack of Standing ("Shulman
15 MSJ Decl.") Exhibit 3, page HEARST097643.
16     b.    Shulman MSJ Decl. Exhibit 11, pages SGI0009394-9405,
17 except the three lines following the third main bullet point on page SGI0009396, beginning
18 "The acquisition . . ." and ending with " . . . CNP's competitive position."
19     c.    Shulman MSJ Decl. Exhibit 14, page GCNP002078, the fourth
20 and fifth paragraphs; and the two lines for "San Jose" and "Contra Cost" in the chart on
21 page GCNP002079.
22     d.    Shulman MSJ Decl. Exhibit 14, pages GCNP002080-81.
23     e.    Shulman MSJ Decl. Exhibit 18, the last two paragraphs on
24 page GCNP006097 through the first three paragraphs on page GCNP006098.
25     f.    Shulman MSJ Decl. Exhibit 18, page GCNP006100, all charts
26 except the upper right chart labeled "Circulation/Audience."
27     g.    Shulman MSJ Decl. Exhibit 18, pages GCNP006102-04.
28

    h. Shulman MSJ Decl. Exhibit 18, page GCNP006106, all charts except the upper right chart labeled "Circulation/Audience."

    i. Shulman MSJ Decl. Exhibit 18, pages GCNP006108-11.

    j. Shulman MSJ Decl. Exhibit 19, the third paragraph on page GCNP005937 through the last paragraph on page GCNP005938; all portions of page GCNP005939 except the two charts and the last sentence of the second to last paragraph, beginning, "At the Gannett . . ."; and page GCNP005940.

    k. Shulman MSJ Decl. Exhibit 19, page GCNP005943, except the bottom five shaded lines.

    l. Shulman MSJ Decl. Exhibit 19, page GCNP005947, all charts except the upper right chart labeled "Circulation/Audience."

    m. Shulman MSJ Decl. Exhibit 19, pages GCNP005949-51.

    n. Shulman MSJ Decl. Exhibit 19, pages GCNP005952-55.

    o. Shulman MSJ Decl. Exhibit 19, page GCNP005957, all charts except the upper right chart labeled "Circulation/Audience."

    p. Shulman MSJ Decl. Exhibit 19, pages GCNP005959-61.

    q. Shulman MSJ Decl. Exhibit 19, pages GCNP005962-65; and page GCNP005967.

    r. Shulman MSJ Decl. Exhibit 20, pages GCNP003071-73.

    s. Shulman MSJ Decl. Exhibit 20, page GCNP003076, except the bottom five shaded lines.

    t. Shulman MSJ Decl. Exhibit 21, 94:22 - 96:20; 98:5-8; 100:18 - 108:6; and 109:14 – 113:7.

    u. Memorandum of Plaintiff in Opposition to Defendants' Motion for Summary Judgment Based on Plaintiff's Alleged Lack of Standing ("MSJ Memorandum"), page 16, line 11, beginning "This evidence . . ." through line 20, ending " . . .out in 2006.' (Exhibit 325.)"

IT IS FURTHER ORDERED that the Court's March 27, 2007 Sealing Order is hereby VACATED. Plaintiff shall file redacted copies of his MSJ Memorandum and the supporting Shulman MSJ Declaration as necessary to comply with this ORDER and any other sealing orders entered with respect to these documents.

IT IS SO ORDERED.

Dated: _____     _____
                           HON. SUSAN ILLSTON
                           UNITED STATES DISTRICT COURT JUDGE